**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| NING BO TA CU SHANG MAO YOU XIAN GONG SI,<br><br>Plaintiff,<br><br>v.<br><br>CYCLONE FILTER TOOLS LLC,<br><br>Defendant. | Civil Action No.: 26-cv-9806<br><br>**JURY TRIAL DEMAND** |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

Plaintiff Ning Bo Ta Cu Shang Mao You Xian Gong Si ("Plaintiff") brings this Complaint against Cyclone Filter Tools LLC ("Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for **a** declaratory judgment of patent non-infringement arising under the patent laws of the United States, 35 U.S.C. **§§ 1** et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Plaintiff seeks relief in response to Defendant's accusation that Plaintiff's pool filter cleaner stand sold through Amazon under ASIN B0GJQ6DXGK (the "Accused Product") infringes Claim 19 of U.S. Patent No. 12,377,369 B2 (the "'369 Patent"). A true and correct copy of the '369 Patent is attached as Exhibit A.

3. Defendant initiated Amazon Patent Evaluation Express ("APEX") Case No. 21412599121 and asserted Claim 19 of the '369 Patent against the Accused Product. Amazon notified Plaintiff of the APEX proceeding on July 31, 2026. A true and correct copy of the Amazon

notice, Defendant's executed APEX Agreement, and the applicable APEX Procedure is attached as Exhibit B.

4. Under the APEX Procedure, Plaintiff faces removal of the Accused Product listing and materially identical variants unless the dispute is resolved, Plaintiff participates in APEX, or Plaintiff files a federal declaratory judgment action concerning the asserted patent. Plaintiff has elected to seek adjudication by this Court.

5. An actual, immediate, and justiciable controversy therefore exists concerning whether Plaintiff's importation into the United States, use, offer for sale, and sale of the Accused Product infringes Claim 19 of the '369 Patent.

6. Defendant's assertion of Claim 19 through APEX threatens Plaintiff's existing sales, customer relationships, and market access, including Plaintiff's established sales of the Accused Product to consumers in Illinois. Plaintiff seeks a declaration that the Accused Product does not infringe Claim 19 of the '369 Patent.

**THE PARTIES**

7. Plaintiff Ning Bo Ta Cu Shang Mao You Xian Gong Si is a company organized under the laws of the People's Republic of China with its principal place of business in China. Plaintiff operates the Amazon storefront "Tacu0520" under Seller ID ASP7JIVCDO995. Plaintiff is the seller of the Accused Product identified in APEX Case No. 21412599121.

8. Defendant Cyclone Filter Tools LLC is, upon information and belief, a limited liability company organized under the laws of Tennessee with a principal place of business at 6614 Forest Lane, Murfreesboro, Tennessee 37129.

9. Defendant is identified on the face of the ’369 Patent as the applicant and assignee. Defendant also identified itself to Amazon as the patent owner and initiated the APEX proceeding against Plaintiff.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States. This Court may grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

11. This Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(1)(A), the Illinois long-arm statute, 735 ILCS 5/2-209(c), and the Due Process Clause.

12. Before Defendant initiated the APEX proceeding, Plaintiff had repeatedly sold and delivered the Accused Product to customers in Illinois over a period of several months. Those completed transactions predated the present dispute and established an existing, recurring, and non-incidental Illinois market for the Accused Product.

13. Defendant deliberately invoked APEX against the specific Amazon listing for the Accused Product. The relief Defendant sought through APEX was the removal of that listing from Amazon.com, a result that would necessarily terminate Plaintiff’s ongoing offers for sale, sales, deliveries, marketing activities, and customer relationships in Illinois.

14. The APEX proceeding is not a passive notice. Under Amazon’s stated procedure, if Plaintiff does not resolve the claim, participate in the evaluation, or commence a qualifying declaratory judgment action, Amazon will remove the identified listing after three weeks and may also remove materially identical variants. Defendant purposefully invoked that enforcement

mechanism to obtain automatic commercial consequences for the Accused Product, including the interruption of its existing Illinois sales.

15. Plaintiff's claim arises directly from Defendant's APEX enforcement activity and the threatened interruption of Plaintiff's established Illinois commerce. By targeting a listing through which Plaintiff had completed recurring Illinois sales, Defendant purposefully directed enforcement consequences at commercial activities in Illinois and knew or reasonably should have known that removal would stop those activities.

16. The exercise of personal jurisdiction is reasonable and consistent with fair play and substantial justice because Defendant chose a nationwide commercial enforcement mechanism under a United States patent and seeks relief affecting an existing market for the Accused Product in this District.

17. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant is the sole defendant and, under 28 U.S.C. § 1391(c)(2), is deemed to reside in this District if subject to personal jurisdiction here.

## **FACTUAL BACKGROUND**

18. The United States Patent and Trademark Office issued the '369 Patent on August 5, 2025. The patent is titled "Portable Pool Filter Cleaning System and Method of Cleaning a Pool Filter."

19. Claim 19 of the '369 Patent requires, among other limitations, a support rod extending between a top end and a bottom end; a bottom filter retainer rotationally journaled on that support rod and configured to extend into a pool-filter aperture; and a bearing disposed between the bottom filter retainer and that same support rod so that the pool filter freely rotates about the support rod.

20. Plaintiff sells the Accused Product through Amazon under ASIN B0GJQ6DXGK. The Accused Product uses two vertical support tubes connected by a bottom cross beam, with a lower filter adapter mounted at the center of the bottom cross beam.

21. Neither of the Accused Product's two vertical support tubes passes through the lower filter adapter or its bearing. The lower filter adapter is not rotationally journaled on either support tube, and the pool filter does not rotate about either support tube.

22. The Accused Product's lower adapter and bearing assembly instead is mounted at the center of a horizontal bottom cross beam by a separate threaded fastener. That fastener is attachment hardware securing the local adapter assembly to the cross beam and does not constitute the claimed support rod when the term is read in the context of Claim 19 and the '369 Patent.

23. Any rotation in the Accused Product occurs about that separate fastener, not about either structural support tube. The Accused Product therefore lacks the claimed arrangement in which the same support rod supports the assembly, carries the bottom filter retainer and bearing, and provides the axis about which the pool filter rotates.

24. The Accused Product therefore lacks the structural relationship that Claim 19 requires among the support rod, bottom filter retainer, and bearing.

25. On July 28, 2026, Defendant executed an APEX Agreement identifying the '369 Patent, Claim 19, ASIN B0GJQ6DXGK, and Defendant's CYCLONE FILTER CLEANER brand.

26. On July 31, 2026, Amazon notified Plaintiff that Defendant claimed the Accused Product infringed the '369 Patent and identified the matter as APEX Case No. 21412599121.

27. Amazon's notice states that Plaintiff may continue selling while a qualifying federal declaratory judgment action proceeds, but otherwise faces removal of the Accused Product listing if the claim is not resolved or submitted to APEX.

28. Plaintiff denies infringement. The structural differences between the Accused Product and Claim 19 are substantial and concern the location, mounting, and operation of the very components recited by the claim.

29. Defendant has not withdrawn its APEX assertion. The parties therefore have adverse legal interests of sufficient immediacy and reality to warrant declaratory relief.

**COUNT I**
**DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT**
**(U.S. PATENT NO. 12,377,369 B2)**

30. Plaintiff restates and incorporates by reference paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Defendant has asserted through APEX that the Accused Product infringes Claim 19 of the ’369 Patent.

32. The Accused Product does not literally infringe Claim 19 because it lacks the claimed arrangement in which a bottom filter retainer is rotationally journaled on a support rod, a bearing is disposed between that retainer and the same support rod, and the pool filter freely rotates about that support rod.

33. The Accused Product also does not infringe under the doctrine of equivalents. Its two-tube frame, bottom cross beam, adapter, bearing, and fastener are arranged and operate in a materially different way. Treating those separate structures collectively as the claimed support rod would eliminate the express relational limitations recited in Claim 19.

34. Plaintiff’s importation into the United States, use, offer for sale, and sale of the Accused Product therefore do not directly or indirectly infringe Claim 19 of the ’369 Patent, literally or under the doctrine of equivalents.

35. A real and substantial controversy exists between Plaintiff and Defendant, and Plaintiff is entitled to a declaration of non-infringement under 28 U.S.C. §§ 2201 and 2202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and grant the following relief:

1. A declaration that Plaintiff's importation into the United States, use, offer for sale, and sale of the Accused Product, including ASIN B0GJQ6DXGK, do not infringe Claim 19 of U.S. Patent No. 12,377,369 B2;
2. An order directing Defendant, upon entry of judgment, to withdraw APEX Case No. 21412599121 against ASIN B0GJQ6DXGK based on Claim 19 of the '369 Patent and to notify Amazon of that withdrawal;
3. An award of Plaintiff's costs and, if the Court determines that this is an exceptional case, reasonable attorneys' fees under 35 U.S.C. § 285; and
4. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

Dated: August 14, 2026

/s/ Alexander Warden
Alexander Warden, Esq.
alexander.warden@walflaw.com
West Atlantic Law Firm, PLLC
104 West 40th Street, Suite 400
New York, NY 10018
Telephone: (347) 420-0279
Attorney for Plaintiff